IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY ANN CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 1:12-cv-01258-STA-dkv |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER REVERSING THE DECISION OF THE COMMISSIONER AND
REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G)**

Plaintiff Kathy Ann Curtis filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits under Title II of the Social Security Act ("Act"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on March 10, 2009. On April 21, 2009, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The Appeals Council granted Plaintiff's request for review, and a second hearing was held on December 8, 2010. The ALJ again issued an unfavorable decision on June 7, 2011. The Appeals Council denied Plaintiff's request for review, and, thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** for additional testimony pursuant to sentence four of 42 U.S.C. § 405(g).

1

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[1] The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision,[2] and whether the correct legal standards were applied.[3]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] It is "more than a mere scintilla of evidence, but less than a preponderance."[5] The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly.[6] When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite

---

[1] 42 U.S.C. § 405(g).

[2] *Id.*

[3] *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

[4] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).

[5] *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[6] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

conclusion.[7] "[W]hen there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration."[8]

The Court may immediately award Plaintiff benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."[9] "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."[10] These factors are not present in this case, and, therefore, an immediate award of benefits is not appropriate. However, a remand pursuant to sentence four of § 405(g) is appropriate because all essential issues have not been resolved.

Plaintiff was born on May 5, 1956; she was fifty four years and eleven months old on March 31, 2011, her date last insured. Plaintiff has at least a high school education, is able to communicate in English, and has past relevant work experience as a scaler and inspector.

The ALJ enumerated the following findings: (1) Plaintiff met the insured status requirements on March 31, 2011; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (3) Plaintiff has the following severe impairments: fibromyalgia, osteoarthritis, degenerative disc disease, peripheral neuropathy, a prolapsed mitral valve, and depression; but she does not have impairments, either alone or in combination, that meet or equal

---

[7] *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

[8] *Faucher v. Secretary*, 17 F.3d 171, 175 (6th Cir. 1994).

[9] *Id.* at 176 (citations omitted).

[10] *Id.*

the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (4) Plaintiff retains the residual functional capacity to lift and or carry twenty pounds occasionally and ten pounds frequently; stand, walk, and/or sit six hours in an eight-hour workday; and do work involving no greater than simple job instructions; (5) Plaintiff is unable to perform her past relevant work; (6) transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules ("the Grids") as a framework supports a finding that Plaintiff is not disabled whether or not she has transferable job skills; (7) considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; (8) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.[11]

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[12] The claimant bears the ultimate burden of establishing an entitlement to benefits.[13] The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[14]

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

---

[11] R. 24 - 35.

[12] 42 U.S.C. § 423(d)(1).

[13] *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

[14] *Id.*

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that she has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[15]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[16] Here, the sequential analysis proceeded to the fifth step with a finding that, although Plaintiff cannot perform her past relevant work, there is a substantial number of jobs that exist in the national economy that she can perform.

Plaintiff argues that the ALJ's finding that she retains the residual functional capacity to perform work other than her past relevant work is not supported by substantial evidence because the ALJ failed to properly apply the Grids, Medical-Vocational Guidelines of Appendix 2 to Subpart P of 20 CFR part 404, Subpart P. Plaintiff also contends that the ALJ's residual functional capacity assessment for a full range of light work is not supported by substantial evidence because he did not properly weigh the medical evidence in the record. The Court finds Plaintiff's arguments to be persuasive; a remand is in order because the ALJ failed to correctly assess the medical evidence in the record.

---

[15] *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

[16] 20 C.F.R. § 404.1520(a).

Plaintiff argues that the ALJ should have assigned controlling weight to the opinion of her treating physician, Mohammed Yousef, M.D. The regulations require that, if the opinion of the claimant's treating physician is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and [is] 'not inconsistent with the other substantial evidence in [the] case record,'" it must be given "controlling weight."[17] "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors - namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source - in determining what weight to give the opinion."[18] Even if the treating physician's opinion is not given controlling weight, "there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference."[19]

If the treating physician's opinion is not given controlling weight, the ALJ is required to provide "good reasons" for discounting it and that rationale must be supported by the evidence in the record and "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."[20]

---

[17] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. § 04.1527(d)(2).

[18] *Wilson*, 378 F.3d at 544 (quoted with approval in *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007)).

[19] *Rogers*, 486 F.3d at 242.

[20] *See* SSR 96-2p. *See also Gayheart v. Commissioner of Social Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (pointing out that this procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule").

In the present case, the ALJ acknowledged that Dr. Yousef had opined that Plaintiff was disabled and could not "hold down gainful employment" because of her fibromyalgia, shoulder pain, hypertension, and generalized anxiety disorder, but the ALJ rejected that opinion as going to the ultimate issue of qualifying for disability benefits, which is an issue reserved for the Commissioner.[21] According to the ALJ, Dr. Yousef "did not give specific functional limitations, but rather, noted that the claimant was precluded from performing nearly every physical and mental activity."[22] Despite noting that some of Dr. Yousef's records were illegible, the ALJ determined that the records "did not contain significant objective clinical findings based upon careful examination" and did "not support the highly restrictive statement of 'disability' of Dr. Yousef."[23] Accordingly, the ALJ gave little weight to Dr. Yousef's assessment.

While it is wholly the province of the Commissioner to make a disability determination, the mere fact that Dr. Yousef stated that Plaintiff is disabled is not a basis for rejecting Dr. Yousef's entire opinion.[24] "[E]ven though some issues, such as whether an individual is 'disabled,' are case-dispositive administrative issues reserved to the Commissioner, 'adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner. For treating sources, the rules also require that we make every reasonable effort to re-contact such sources for clarification when they

---

[21] R. 26, 33.

[22] *Id.* at 33.

[23] *Id.*

[24] *See Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

7

provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear to us.'"[25] The ALJ did not fulfil his duty by re-contacting Dr. Yousef to clarify his opinion.

The duty to re-contact Dr. Yousef was heightened in this case because the ALJ rejected the opinion of Dr. Robert Sanner, a consultative examining physician, as too restrictive, in part, because it was inconsistent with the longitudinal record.[26] Since, according to the ALJ, portions of Dr. Yousef's notes were illegible, it would not be possible for him to determine whether Dr. Sanner's opinion was consistent with the record, and, therefore, substantial evidence does not support the weighing of Dr. Sanner's opinion.

Also concerning is the short shrift paid to Plaintiff's testimony about medication side effects. The presence of side effects was confirmed by Dr. Yousef's records and, yet, the ALJ rejected Plaintiff's testimony and Dr. Yousef's documentation because Dr. Yousef "did not specify particular adverse effects imposed by medication."[27] While it is "not error for an ALJ to conclude that side effects do not present a significant problem based on a lack of supporting evidence,"[28] in the present case, Plaintiff's testimony and Dr. Yousef's records provided such evidence. At a minimum, the ALJ should have looked at what limitations, if any, resulted from

---

[25] *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 272 (6th Cir. 2010) (quoting Soc. Sec. Rul. 96–5p). The duty to re-contact the treating physician is now discretionary, *see Hall v. Comm'r of Soc. Sec.*, 2016 WL 3869936, *9 (E.D. Mich.) ("New regulations became effective on March 26, 2012, rendering the decision to re-contact discretionary."), but, at the time of Plaintiff's hearing, the duty was non-discretionary.

[26] R. 33 ("He is not a treating source, and his assessment is inconsistent with the longitudinal record.")

[27] R. 31-32.

[28] *See Thompson v. Apfel*, 199 F. Supp. 2d 798, 816 (W.D. Tenn. 2001), rep. & rec. adopted (Mar. 27, 2001) (collecting cases).

the medication side effects. If the ALJ needed more information about "particular" side effects, he was under a duty to contact Plaintiff's treating physician.[29]

Substantial decision does not support the decision of the ALJ in denying Plaintiff's application for disability benefits. Therefore, the decision must be reversed. Having determined that the decision must be reversed, the Court must decide whether it is appropriate to remand this case or to direct the payment of benefits. Because the record does not establish that Plaintiff is entitled to benefits or that all essential facts have been resolved, it is appropriate to remand this case for further proceedings. In summary, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 26, 2017.

---

[29] The ALJ also noted that in an earlier disability report Plaintiff did not list any medication side effects. R. 31. The absence of side effects at that point in time does not mean that Plaintiff never suffered any side effects.